**FOX ROTHSCHILD LLP**
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Eric A. Bevan (SBN 252140)
   ebevan@foxrothschild.com
Telephone: (561) 804-4470
Facsimile: (561) 835-9602
Matthew R. Follett (SBN 325481)
   mfollett@foxrothschild.com
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Attorneys for Plaintiff,
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>      Plaintiff,<br><br>   v.<br><br>SONA KHACHATRYAN d/b/a SONA DESIGN, and DOES 1 through 10, Inclusive,<br><br>      Defendants. | Case No.: _____<br><br>**COMPLAINT FOR:**<br>**(1) BREACH OF CONTRACT;**<br>**(2) EXPRESS CONTRACTUAL INDEMNITY; and**<br>**(3) MONEY HAD AND RECEIVED** |

**COMPLAINT**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo") sues Defendant, Sona Khachatryan d/b/a Sona Design ("Khachatryan"), and Does 1 through 10, inclusive, and states as follows:

## INTRODUCTION

1. Wells Fargo sues Sona Khachatryan d/b/a Sona Design to recover $123,969.42 in damages caused when two checks deposited by Khachatryan into her account were returned unpaid by the issuing bank.

## THE PARTIES

2. Wells Fargo is a national banking association with its main office, as designated in its articles of association, located in Sioux Falls, South Dakota.

3. Sona Khachatryan is an individual and citizen of the State of California, residing in Los Angeles County, California, and doing business under the name Sona Design. As used herein, the term "Khachatryan" shall collectively refer to Sona Khachatryan d/b/a Sona Design and Does 1 through 10, inclusive.

4. The true names of Defendants Does 1 through 10, inclusive (hereinafter, "Does 1-10"), are unknown to Wells Fargo at this time. Wells Fargo sues those defendants by such fictitious names pursuant to California Code of Civil Procedure Section 474 and Central District of California Local Rule 19-1. Each of the defendants designated as a Doe defendant is alleged to be legally responsible for the claims of Wells Fargo alleged herein. When the true names, involvement, and capacities of Does 1-10 are ascertained, Wells Fargo will seek leave to amend this complaint accordingly.

## JURISDICTION

5. This Court has original jurisdiction over this matter and the defendants under 28 U.S.C § 1332, on the basis that Wells Fargo and Khachatryan are citizens of different states. Wells Fargo is a citizen of South Dakota and Khachatryan is a citizen of California.

6. The amount in controversy is $123,969.42, which is in excess of the statutory limit of $75,000 under 28 U.S.C § 1332.

## VENUE

7. Venue is appropriate in this Court under 28 U.S.C. § 1391 because Khachatryan resides in Los Angeles County, California, which is located within the Central District of California, and a substantial part of the events giving rise to the claims occurred in the Central District of California.

8. Pursuant to Central District of California General Order 19-03, section I.B.1.a.(1)(c), this case should be assigned to the Western Division of the Central District of California because each named defendant resides in Los Angeles County in the Western Division of the district, and the plaintiff does not reside in the Central District.

## FACTS

9. Khachatryan was the owner of a checking account maintained at Wells Fargo (the "Account").

10. Khachatryan opened the Account on September 27, 2016, at which time she executed a Business Account Application, a true and correct copy of which is attached hereto as Exhibit "A."

11. On her Business Account Application, Khachatryan indicated that she was doing business within Los Angeles County under the fictitious name "Sona Design."

12. The Business Account Application provides that the Account is governed by an account agreement (the "Account Agreement"). A true and correct copy of the Account Agreement is attached hereto as Exhibit "B."

13. Page 15 of the Account Agreement provides that an account holder must indemnify and hold Wells Fargo harmless from all losses and expenses (including attorneys' fees and expenses) arising out of or in any way connected with Wells Fargo's performance under the Account Agreement, and that such indemnification will survive the termination of the Account Agreement.

14. Page 16 of the Account Agreement provides that Wells Fargo may reverse or adjust any erroneous debit or credit in an account, without notice.

15. Page 21 of the Account Agreement provides that, when a deposited or cashed item is returned unpaid, Wells Fargo may deduct the amount of the item, even if the funds from the item have already been withdrawn and the account balance is not sufficient to cover the deduction.

16. Page 28 of the Account Agreement provides that if an account holder incurs an overdraft, the account holder must make a deposit or transfer to promptly return the account to a positive balance. If the account holder fails to do so, the Account Agreement permits Wells Fargo to close the account and initiate collection efforts. The Account Agreement provides for the recovery of attorneys' fees and costs for any such efforts.

17. Khachatryan deposited the following two checks into her Account, in the aggregate amount of $177,000.00 (these checks are collectively referred to herein as the "Checks"):

(a) On September 27, 2019, Khachatryan deposited check number 1022 in the amount of $95,000.00, drawn on an account at Citibank, via Automatic Teller Machine ("ATM");

(b) On September 30, 2019, Khachatryan deposited check number 1025 in the amount of $82,000.00, drawn on account at Citibank, via ATM.

18. After each of the Checks were deposited, Khachatryan quickly withdrew or transferred the funds from the particular check.

19. On October 4, 2019, Citibank returned both Checks unpaid. This, combined with other transactions in the Account, resulted in an overdraft in the Account because Khachatryan had already removed the funds from the Account. The total overdraft was $123,969.42 (the "Overdraft").

20. Because Khachatryan had already removed the funds derived from the Checks from the Account, Wells Fargo suffered damages of $123,969.42 as a result of the Overdraft, which amount has not been repaid and is presently due and owing.

21. On March 10, 2020, Wells Fargo demanded that Khachatryan repay the $123,969.42 for the Overdraft, but Khachatryan has failed to do so.

22. All conditions precedent to this action have occurred or have been performed, or have otherwise been waived or excused.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
### (Against All Defendants)

23. Wells Fargo realleges the foregoing paragraphs 1 through 22, inclusive, as if set forth in full herein.

24. Khachatryan and Wells Fargo entered into the Account Agreement, which governed the Account.

25. Wells Fargo has performed all the conditions, covenants, promises, and agreements required of it under the terms of the Account Agreement, except for any that have been waived or excused.

26. Khachatryan has failed and refused, and continues to fail and refuse, to perform all of her obligations under the Account Agreement.

27. Khachatryan breached the Account Agreement by, among other things and without limitation, failing to repay the Overdraft.

28. Because of Khachatryan's failure to perform her obligations under the Account Agreement, Wells Fargo has been damaged in the sum of $123,969.42, plus interest, costs, and expenses, no part of which has been paid. Further, pursuant to the Account Agreement, Wells Fargo is entitled to recover its attorneys' fees and expenses incurred in collecting any overdraft in the Account. Further, as the amount of the damages are liquidated, Wells Fargo is entitled to prejudgment interest from the date of the breach.

## SECOND CLAIM FOR RELIEF
## EXPRESS CONTRACTUAL INDEMNITY
### (Against All Defendants)

29. Wells Fargo realleges the foregoing paragraphs 1 through 22, inclusive, as if set forth in full herein.

30. The Account Agreement is a written contract between Wells Fargo and Khachatryan governing Khachatryan's activity in the Account, including the deposit of the Checks.

31. Page 15 of the Account Agreement contains the following express indemnity obligation:

> Except to the extent we fail to exercise ordinary care or to comply with the Agreement, you agree to indemnify and hold us harmless from all claims, demands, losses, liabilities, judgments, and expenses (including attorney's fees and expenses) arising out of or in any way connected with our performance under the Agreement You agree this indemnification will survive termination of the Agreement.

32. Wells Fargo has performed all the conditions, covenants, promises, and agreements required of it under the terms of the Account Agreement, except for any that have been waived or excused.

33. Wells Fargo suffered a loss of $123,969.42 resulting from Khachatryan's deposit of the Checks and subsequent withdrawal of the funds. This loss falls within the scope of the indemnity provision of the Account Agreement.

34. Despite demand by Wells Fargo, Khachatryan has not indemnified Wells Fargo against the loss.

35. Because of Khachatryan's failure to perform her indemnity obligation under the Account Agreement, Wells Fargo has been damaged in the sum of $123,969.42 for the Overdraft, plus interest, costs, and expenses, in an amount to be proven at trial, no part of which has been paid.

## THIRD CLAIM FOR RELIEF

## MONEY HAD AND RECEIVED

### (Against All Defendants)

36. Wells Fargo re-alleges the foregoing paragraphs 1 through 22, inclusive, as if set forth in full herein.

37. Khachatryan received $123,969.42 from Wells Fargo when Wells Fargo paid the Checks.

38. Khachatryan refused to return the funds paid for the Checks, after Wells Fargo demanded the same due to Khachatryan's withdrawal of the funds.

39. Consequently, Khachatryan has become indebted to Wells Fargo for money had and received in the amount of $123,969.42, plus interests and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., respectfully requests a judgment against Defendants, Sona Khachatryan d/b/a Sona Design and Does 1 through 10, inclusive, and each of them, as follows:

A. For damages in an amount to be proven at trial but at least $123,969.42;

B. For an award of attorneys' fees and expenses as authorized under the Account Agreement, according to proof;

C. For indemnification of all damages incurred by Wells Fargo, in an amount to be proven but at least $123,969.42, plus costs and expenses;

D. For prejudgment interest according to law;

E. For an award of costs and expenses incurred in this action; and

F. For such other relief as the Court deems just and proper.

Dated: October 30, 2020    FOX ROTHSCHILD LLP

By  */s/ Matthew Follett*
Eric A. Bevan
Matthew R. Follett
Attorneys for Plaintiff,
WELLS FARGO BANK, N.A.